[No. 25531. Department Two. August 29, 1935.]

WALTER E. FAULKNER, *Appellant*, v. GEORGE W. JACKSON *et al.*, *Respondents*.[1]

*Williams & Davis*, for appellant.

*Q. A. Kaune*, for respondents.

MITCHELL, J.—Plaintiff, Walter E. Faulkner, was sheriff of Snohomish county, his term commencing January 12, 1931. Defendant, George W. Jackson, was his deputy from and after the commencement of the sheriff's term of office until about May 1, 1933, during which time Jackson, as principal, and Fidelity & Casualty Company of New York, a corporation, as surety, were under bonds to the plaintiff as sheriff, each of the bonds being conditioned that it should be void if the principal faithfully perform his official duties and honestly account for all money that comes into his hands in his official capacity during the term, otherwise the bond should remain in full force and effect.

By an amended complaint against Jackson and his surety, filed April 5, 1934, it was alleged that, between January 12, 1931, and March 1, 1933, Jackson, while acting as deputy sheriff, received, on behalf of the sheriff's office, and failed to account for, eight several, specifically identified sums of money, aggregating $870.85, and was responsible in the further sum of $163.04, shortage in a fund in the sheriff's office known as a revolving fund.

Upon the amended complaint and a joint answer by the defendants containing appropriate general denials, the action was tried without a jury, and resulted in findings of fact from which the court

[1]Reported in 48 P. (2d) 608.

concluded and entered judgment dismissing the action with prejudice. The plaintiff has appealed.

All of the assignments relate to the findings made and entered, to findings requested and refused, and, as stated on behalf of appellant, involve only one question: "Whether or not under the evidence judgment should not have been rendered for the appellant."

The evidence, in our opinion, does not establish the allegations of the amended complaint. The controlling findings of fact made and entered are found in Paragraph 2, as follows:

"That during the time the defendant Jackson was a deputy of the plaintiff, the plaintiff himself and deputies other than Jackson handled monies that came into the office of the sheriff; that all of the items and sums of money specifically mentioned in plaintiff's complaint that were shown by the evidence to have come into the hands of defendant Jackson were by him duly deposited to the bank account of the sheriff, and that such withdrawals from the revolving fund as were shown by the evidence to have been made by Jackson were accounted for by him."

All of the findings are sustained by a fair preponderance of the evidence.

Judgment affirmed.

BLAKE, MAIN, HOLCOMB, and STEINERT, JJ., concur.